IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **MARY WILEY CHENAULT,** individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>**CONTAINER KING INC., COLE SMITH and PAULA PACANINS**<br><br>Defendants. | **Case No. _____**<br><br>**Jury Demanded** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Mary Chenault ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants and shows as follows:

### I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA establishes standards of minimum wages and "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less that one and one-half times the regular rate at which he is employed." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945)(discussing the FLSA's minimum wage and maximum hour protections generally); *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendants failed to pay Plaintiff in accordance with the Fair Labor Standards Act in that Defendants failed to pay Plaintiff at time and one half her regular rate of pay for hours worked in excess of 40. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II.     PARTIES

3. Plaintiff Mary Wiley Chenault ("Plaintiff") is an individual who was employed by Defendants within the meaning of the FLSA within the three-year period preceding the filing of this complaint. She hereby consents to be a party in this action and her consent form is attached as "Exhibit A."

4. The Plaintiff and potential Plaintiffs are Defendants' current and former hourly-paid and admittedly, non-exempt workers.

5. Defendant Container Kings Inc., who does business as Container Kings ("Container King"), does business in Texas and can be served with process through its registered agent Cole Smith at 3020 Ganzer Road Denton, Texas 76207 or wherever else he may be found.

6. Defendant Cole Smith is an individual and can be served with process at 3020 Ganzer Road Denton, Texas 76207 or wherever else he may be found.

7. Defendant Paula Pacanins is an individual and can be served with process at 9921 Woodgrove Drive Dallas, Texas 75218 or wherever else she may be found.

## III.     JURISDICTION AND VENUE

8. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

9. Venue is proper in the Eastern District of Texas because one or more of the Parties reside in this District and the actions forming the basis of this lawsuit occurred in this District.

### IV. COVERAGE

10. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the potential Plaintiffs.

11. At all times hereinafter mentioned, Defendants have been an employer or joint employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14. At all times hereinafter mentioned, Plaintiff and Potential Plaintiffs were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

### V. FACTUAL ALLEGATIONS

15. Defendant Container Kings Inc. is a shipping container supplier which specializes in containers for both storage and office space use. The business is a domestic for-profit corporation that does more than $500,000.00 in business each year.

16. Defendant Cole Smith is the President, Officer and Manager of Container Kings Inc. and Container Kings. At all times relevant to this lawsuit, he possessed the power to hire and fire Plaintiff and he devised the improper payment scheme and enforced this unlawful policy.

17. Defendant Paula Pacanins is Officer and Manager of Container Kings Inc. and Container Kings. At all times relevant to this lawsuit, she possessed the power to hire and fire Plaintiff and she devised the improper payment scheme and enforced this unlawful policy.

18. Plaintiff was employed by Defendants as an hourly-paid, Accounts Receivable Clerk within the applicable statute of limitations and from approximately April 2015 until August 2018.

19. In order to perform her duties, Plaintiff was often required to in excess of 40 hours and should have been paid at overtime rates.

20. Defendants did not pay Plaintiff time-and-one-half her regular rate of pay for all the hours that she worked over 40 hours per week, even though she routinely worked in excess of 40 hours per week throughout the course of her employment. Rather, Defendants merely paid Plaintiff and Potential Plaintiffs their straight hourly rate for working these overtime hours.

21. Defendants employed this reckless, across the board, pay scheme that treated non-exempt employees, exempt from the benefits of the FLSA despite receiving complaints, including from Potential Plaintiffs. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the potential Plaintiffs.

## VI. COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff and the potential Plaintiffs were subjected to the same pay provisions and violations in that they were each employed as hourly-paid workers and in admittedly non-exempt

capacities but not compensated at time-and-one-half for all hours worked in excess of 40 hours in a work week. Thus, the potential Plaintiffs are owed unpaid overtime for the same reasons as Plaintiff.

23. Defendants' failure to compensate employees for hours worked in excess of 40 in a workweek as required by the FLSA results from a policy or practice of not paying for time at the rate specified by the FLSA. This policy or practice was applicable to Plaintiff and the potential Plaintiffs. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applied to all potential Plaintiffs.

24. Defendants were aware of their obligation to pay overtime to Plaintiff and the potential Plaintiffs and failed to do so. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the potential Plaintiffs.

### VII. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

25. During the relevant period, Defendants have violated and are violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. Defendants have acted willfully in failing to pay Plaintiff and the potential Plaintiffs in accordance with the law.

## VIII.   RELIEF SOUGHT

26. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit); and

b. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

c. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees; and

d. For and Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

 

Respectfully submitted,

*/s/ J. Forester*_____
**FORESTER HAYNIE PLLC**
**J. FORESTER**
Texas Bar No. 24087532
**D. MATTHEW HAYNIE**
Texas Bar No. 24087692
1701 N. Market Street, Suite 210
Dallas, Texas 75202
(214) 210-2100 phone
(214) 346-5909 fax

        M. SHANE MCGUIRE
*CO-ATTORNEY IN CHARGE*
Texas Bar No. 24055940
The McGuire Firm, PC
102 N. College, Suite 301
Tyler, Texas 75702
903.630.7154 phone
903.630.7173 fax

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is the Original Complaint. Service of this Complaint will be made on Defendants with summons to be issued by the clerk according to the Federal Rules of Civil Procedure.

/s/ *J. Forester*
**J. FORESTER**